# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LEONARDO BANKS, ET AL.**                         **CIVIL ACTION**

**VERSUS**

**REAH RUSSELL MEIER, ET AL.**                **NO. 17-12-SDD-RLB**

## ORDER

Before the Court is Defendants Reah Russell Meier; Turo, Inc.; and Berkley Specialty Underwriting Managers, LLC's ("Movants") Motion to Compel (R. Doc. 17) filed on October 2, 2017. The motion is opposed. (R. Doc. 20).

### I. Background

On January 20, 2016, Leonardo Banks and Maya Banks, individually and on behalf of their minor child (collectively, "Plaintiffs"), initiated this action in state court, alleging that Mr. Banks and the defendant Reah Russel Meier were involved in an automobile accident on July 24, 2015. (R. Doc. 1-1 at 1-4). Plaintiffs named as a defendant GEICO Casualty Company ("GEICO") in light of their uninsured/underinsured motorist ("UM") insurance policy numbered 4321665624. (R. Doc. 1-1 at 3). Plaintiffs seek recovery for medical and related expenses; physical injury; physical pain and suffering; mental anguish and distress; loss of earnings/loss of earning capacity; loss of enjoyment of life; and other damages to be shown at trial. (R. Doc. 1-1 at 2).

On December 7, 2016, Plaintiffs initiated another action in state court alleging that Mr. Banks was involved in a subsequent accident on January 19, 2016. (R. Doc. 17-3). Plaintiffs named GEICO as a defendant in the subsequent action in light of the same UM insurance policy. (R. Doc. 17-3 at 3).

On January 9, 2017, the defendants RelayRides, Inc., SuperKarma, Inc. and Nautilus Insurance Company removed the instant action to this Court alleging that the Court has diversity jurisdiction over the action. (R. Doc. 1).

On January 17, 2017, Nautilus Insurance Company filed an Answer. (R. Doc. 5). Among other things, it raises the affirmative defense that the injuries and/or damages sustained by Plaintiffs resulted from "intervening or superseding causes" for which it cannot be held responsible. (R. Doc. 5 at 4).

On January 31, 2017, GEICO filed an Answer. (R. Doc. 7). Among other things, it raises the affirmative defense that the damages sustained by Plaintiffs "were caused in whole or in part by a superseding or intervening cause or accident" for which it cannot be held responsible. (R. Doc. 7 at 4).

On July 24, 2017, Movants served a subpoena *duces tecum* on GEICO, seeking production of the following documents:

> A **certified and complete** copy of the claims file including all notes correspondence, emails, reports, settlement demands, photographs, repair estimates, appraisals, police reports, receipts, medical records, pleadings, statements and other documentation maintained and/or in the possession of Geico Casualty Company with regard to LEONARDO BANKS . . . . This request specifically includes, but is not limited to, the complete file for Case No. 653622 filed in the 19th Judicial District Court for the Parish of East Baton Rouge and captioned "Leonardo M. Banks, Sr., et al vs. Geico Casualty Company", policy number 4321665624.

(R. Doc. 17-4; R. Doc. 17-5).

On July 25, 2017, GEICO's counsel sent an e-mail to Movants' counsel objecting to the subpoena on the following bases: "overbroad, irrelevant, and may seek privileged information created in anticipation of litigation, work product, and attorney client communications." (R. Doc.

17-6). Movants and GEICO then discussed compliance with the subpoena over the course of two months. (R. Docs. 17-7, 17-8, 17-9).

On September 27, 2017, GEICO provided a formal objection and response, reiterating its objections of overbreadth, irrelevance, and privilege. (R. Doc. 17-10). Notwithstanding these objections, GEICO produced (1) "Adjuster log notes from first notice of loss (1/28/16) to receipt of lawsuit (1/13/17) (pp. 41-57)" and (2) "[Plaintiffs' counsel's] correspondence to GEICO dated 1/4/17." (R. Doc. 17-11 at 2).

On September 30, 2017, Movants' counsel sent an e-mail to GEICO's counsel responding to the objections and requested that GEICO supplement its response to the subpoena and provide a privilege log to identify any withheld documents. (R. Doc. 17-11 at 3-4).

On October 2, 2017, the deadline to complete non-expert discovery, Movants filed the instant Motion to Compel. (R. Doc. 17).

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 26 provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). This Court's local rules require that any privilege log must contain "at least the following information: name of the document, electronically stored information, or tangible things; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege." LR 26(c).

**B.     Analysis**

GEICO objected to Plaintiff's discovery requests on the basis that it seeks a blanket production of an entire "claim file" despite the holding in *Broussard v. State Farm Mut. Auto. Ins. Co.*, 519 So. 2d 136 (La. 1988). (R. Doc. 17-11 at 1-2). GEICO further objected on the basis that the claims file concerns "an ongoing lawsuit" and GEICO "considers everything post-suit to be privileged information created in anticipation of litigation, privileged work product, and protected by the attorney client privilege." (R. Doc. 17-11 at 2).

The entire opinion in *Broussard* is as follows:

Writ granted. The judgments of the court of appeal and the district court are reversed. Blanket production of the attorney's and insurer's files is not permitted.

4

> The plaintiff is free to renew her discovery requests upon identifying the documents or types of documents she seeks. If any such requested documents are those prepared in anticipation of litigation, those documents should not be produced unless the plaintiff makes the showing required by La. Civ. Code Proc. art. 1422. In all events, documents which contain the opinions, conclusions, theories or mental impressions of the defendant's attorney as well as privileged communications are not discoverable.

*Broussard*, 519 So. 2d 136. The Louisiana Supreme Court has subsequently stated that while a "plaintiff is not entitled to blanket production of the insurer's file" such files may contain discoverable information. *Lewis v. Warner*, 639 So.2d 1182 (La. 1994); *see also Stelly v. Mouret*, 609 So. 2d 827, 828 (La. 1992) (stating that to obtain claims file information, "claimants must first describe, in general terms, the types of documents which they seek").

At any rate, the scope of discovery in this action is governed by Rule 26 of the Federal Rules of Civil Procedure. Movants have sought the production of the claims file regarding Mr. Banks' subsequent accident, "including all notes correspondence, emails, reports, settlement demands, photographs, repair estimates, appraisals, police reports, receipts, medical records, pleadings, statements and other documentation" maintained or otherwise in the possession of GEICO. (R. Doc. 17-4). The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel, & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (the party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden). GEICO did raise any specific objections to the specific categories of documents sought by Movants.

Considering the damages sought in this lawsuit, as well as the defenses raised regarding intervening or supervening causes, information bearing upon the severity of the subsequent

accident, including the extent to which Plaintiffs were injured and/or otherwise harmed, is relevant to the claims and defenses in the instant lawsuit.  Such information will be contained in GEICO's claim file.  The discovery request, which is limited to a single claims file concerning an automobile accident, is not overly broad and is proportional to the needs of this case.  Based on the foregoing, the Court concludes that the information sought by Movants is discoverable if not otherwise privileged.  To the extent GEICO maintains that responsive documents in its possession, custody, or control are protected by the attorney-client privilege and/or the work product doctrine, it must provide a privilege log as required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Rule 26(c).

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 17) is **GRANTED**.  The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that GEICO shall supplement its production within **10 calendar days** of the date of this Order by producing all responsive documents not withheld as privileged.  To the extent GEICO withholds any responsive documents on the basis of the attorney-client privilege and/or the work product doctrine, it must provide a privilege log as required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure and Local Rule 26(c).

Signed in Baton Rouge, Louisiana, on October 30, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**