**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LEONARDO BANKS AND MAYA BANKS, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, L.B. | CIVIL ACTION |
| VERSUS | 17-12-SDD-RLB |
| REAH RUSSELL MEIER, ET AL. | |

## RULING

This action arises out of a motor vehicle accident that occurred on July 24, 2015 on Interstate 10 in Baton Rouge, Louisiana. This matter is before the Court on the *Motion for Partial Summary Judgment on the Issue of Liability*[1] filed by Plaintiffs Leonardo Banks ("Banks") and Maya Banks (collectively "Plaintiffs"). Defendants, Reah Russell Meier ("Meier") and Nautilus Insurance Company (collectively "Defendants") have filed an *Opposition*[2] to this motion. Because there are material facts in dispute, and the resolution of this matter depends primarily on the credibility determinations of conflicting witness testimony, the Motion shall be denied.

Also before the Court is the *Motion for Partial Summary Judgment on Plaintiffs' Claims for Future Medical Expenses, Wage Loss, and Loss of Earning Capacity*[3] filed by Defendants. Plaintiffs filed an *Opposition*[4] to this motion, to which Defendants filed a

---

[1] Rec. Doc. No. 32.
[2] Rec. Doc. No. 44. Defendants Berkley Specialty Underwriting Managers, LLC and Turo, Inc. have been dismissed from this action with prejudice. Rec. Doc. No. 54.
[3] Rec. Doc. No. 34.
[4] Rec. Doc. No. 45.
Document Number: 47429

*Reply*,[5] and Plaintiffs filed a *Sur-Reply*.[6] For the following reasons, the Motion shall be granted in part and denied in part.

I. **SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[8] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[9] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[10] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[11]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[12] All reasonable factual

---

[5] Rec. Doc. No. 49.
[6] Rec. Doc. No. 52.
[7] Fed. R. Civ. P. 56(a).
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[9] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[10] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[11] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[12] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting

inferences are drawn in favor of the nonmoving party.[13]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[14]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[15]

## II. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY

On July 24, 2015, Banks was driving eastbound in the left lane on Interstate 10 in Baton Rouge, Louisiana.[16]  Traffic was heavy at this time, and both Banks and Meier described it as "stop and go."[17]  Meier and Sandi Ortiz ("Ortiz"), her passenger, were following Banks in a Jeep.[18]  It is undisputed that Meier rear-ended Banks' vehicle after Banks had come to a complete stop.  However, there is conflicting testimony regarding whether Banks "slam[med]"[19] on his brakes and stopped "suddenly,"[20] or whether Banks came to a complete and controlled stop.  Thus, the issue of comparative fault is disputed and improper on a summary judgment motion.

There are also disputed facts regarding whether the sudden emergency doctrine applies in this case.  Both Meier and Ortiz testified that an unknown Jeep illegally passed

---

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[13] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[14] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[15] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[16] Rec. Doc. No. 32-2 at 5 (Deposition of Leonardo Banks, p. 103).
[17] *Id.*; Rec. Doc. No. 32-3 at 6-7 (Deposition of Reah Meier, pp. 52-53).
[18] Rec. Doc. No. 44-1 at 8 (Deposition of Reah Meier, p. 32).
[19] *Id.* at 14 (Deposition of Reah Meier, p. 54).
[20] *Id.* at 24 (Deposition of Reah Meier, p. 96).

Meier on the shoulder of the interstate and prevented her from avoiding the collision. Generally, under Louisiana law, "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."[21] Additionally, "a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La.Rev.Stat. Ann. 32:81, and hence is presumed negligent."[22] However, the sudden emergency doctrine provides:

> [A]n exception to the general rule that a following motorist is presumed negligent if he collides with the rear of a leading vehicle. This doctrine provides that a following motorist will be adjudged free from fault if the following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle, which could not be reasonably avoided, unless the emergency is brought about by his own negligence.[23]

While Plaintiffs argue the doctrine clearly does not apply in this case, the Court finds that there exist disputed fact issues that must be resolved by the jury in determining the applicability of this doctrine. Plaintiffs essentially ask the Court to credit the testimony of Banks over the testimony of Meier, which is inappropriate on a summary judgment motion. Indeed, credibility determinations are questions properly resolved by the trier-of-fact and not the Court. Moreover, summary judgment is also improper because the Court is required by law to construe the facts in the light most favorable to Meier. Accordingly, the Plaintiffs' *Motion for Summary Judgment as to Liability*[24] is DENIED.

---

[21] La. R.S. 32:81A.
[22] *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987).
[23] *Walker v. American Nat. Property Cas. Co.*, No. 10-4292, 2012 WL 38345 at *3 (E.D. La. Jan. 9, 2012)(quoting *Ly v. State Through the Dept. of Public Safety and Corrections*, 633 So.2d 197, 201 (La.App. 1st Cir.1993)).
[24] Rec. Doc. No. 32.

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO FUTURE MEDICAL EXPENSES, LOST EARNINGS, & LOSS OF EARNING CAPACITY

In this lawsuit, Banks seeks general damages for lower back and neck injuries he allegedly sustained as a result of the accident. Banks also seeks special damages for future medical expenses, loss of earnings, and loss of earning capacity.

Defendants move for summary judgment on these categories of damages. Defendants contend that discovery is closed, and Banks has failed to produce any evidence to establish a claim for future medical expenses. Further, because Banks has continued to work since the accident, and has received promotions and raises, Defendants contend Banks cannot carry his burden of establishing that he is entitled to lost earnings or loss of earning capacity. Because Louisiana law requires a showing of medical evidence that would restrict Banks from working, and it is undisputed that Banks has continued to work in the position he held prior to the accident, Defendants contend they are entitled to summary judgment on the earnings claims as well.

### A. Future Medical Expenses

Banks cites testimony from both his own treating physician and portions of the testimony of Defendants' independent medical examiner which suggest the possible need for future medical treatment. Both causation and the credibility of competing medical testimony are issues to be resolved by the jury. Further, Banks is not precluded from seeking future medical expenses because he has not submitted evidence of the exact nature of the potential costs.

Louisiana courts hold that "[f]uture medical expenses are a legitimate form of

recovery, even though they are not susceptible of precise mathematical calculations."[25] However, "[a]wards shall not be made for future medical expenses which may or may not occur, in the absence of medical testimony that the expenses for necessary treatment are indicated and setting out their probable cost."[26] Even so, "when the need for future medical care has been demonstrated but cost is not susceptible of determination, the court may make a reasonable award."[27]

In *Bly v. Prudential Property and Casualty Insurance Co.*, the Louisiana Fifth Circuit Court of Appeal upheld a jury award of $15,000 in favor of one plaintiff despite the fact that there was no medical evidence of the probable cost for future medical treatment at trial, and no other evidence existed in the record as to the cost of a future surgery that one doctor stated had only a 40% chance of being necessary.[28] Nevertheless, the *Bly* court reversed a jury award in favor of the other plaintiff because he failed to establish any causal connection between the potential need for future medical treatment and the accident.[29]

---

[25] *Bly v. Prudential Prop. & Cas. Ins. Co.*, 589 So. 2d 495, 497 (La. Ct. App. 1991); *see also Moore v. Kenilworth/Kailas Props.*, 2003-0738, pp. 13–14 (La. App. 4 Cir. 1/7/04); 865 So. 2d 884, 892, *writ denied*, 2004-0348 (La. 4/2/04), 869 So. 2d 882, and *writ denied*, 2004-0367 (La. 4/2/04), 869 So. 2d 883 ("Any computation of a future medical damage award is by its nature a creature of speculation. Therefore, all a finder of fact is able to do is use the testimony and evidence presented at trial to determine, to the extent that it can be determined, what the costs for future medical treatment might be for a complained-of injury.").
[26] *Bell v. N.H. Ins. Co.*, No. 07-138, 2008 WL 2308824, at *5 (E.D. La. June 3, 2008) (Lemelle, J.) (citing *Mendoza v. Mashburn*, 747 So. 2d 1159, 1170 (La. App. 5th Cir. 1999)).
[27] *Bly,* 589 So. 2d at 497.
[28] *Id.* at 498 ("While there is no testimony in the record as to the cost of surgery, we do not find that the amount of $15,000.00 is either unrealistic or unreasonable, and although we believe that the sum may be on the high side, it is not so high as to constitute an abuse of discretion.").
[29] *Id.* As to this plaintiff, the court stated: "in the light of the record as a whole, and in the absence of any evidence whatsoever of the probable cost of future medical care, or any estimate thereof, or any evidence or basis on which an estimate could be made, or any evidence that a determination or estimate of future cost could not be reasonably made,...any award to [the plaintiff] for future medical expense is blatant speculation on the jury's part, a clear abuse of their 'much discretion' and clearly wrong or manifestly erroneous."

More recently, in *Sosa v. Dollar General Corp.*,[30] the District Court for the Eastern District of Louisiana denied a motion for partial summary judgment on future medical expenses even though the plaintiff had not presented evidence regarding the possible costs of future medical treatment. The court held that, despite the absence of summary judgment evidence as to the costs of future medical treatment, "because Louisiana appellate courts have previously allowed 'reasonable' awards for future damages even where no medical testimony or evidence has been presented at trial to substantiate a precise cost for such treatment, the Court declines here to grant summary judgment in favor of Defendant on the issue of the need for future medical treatment or the cost thereof."[31] The Court finds that the same result is warranted in the present case.

Accordingly, the Defendants' *Motion for Summary Judgment*[32] as to future medical expenses is DENIED.

### B. Lost Earnings/Loss of Future Earning Capacity

Plaintiffs concede that Banks has not "yet" lost wages as a result of the injuries allegedly sustained in the accident at issue.[33] Thus, having failed to submit any summary judgment evidence to support a claim of past lost wages, the Plaintiffs' claim for past lost wages is dismissed with prejudice.

As to the loss of future earning capacity, at the time of the final submission of briefs on this motion, discovery was incomplete.[34] Because the full record was not developed at that time, the Court finds that this issue is not ripe for summary judgment based on the

---

[30] No. 15-1790, 2016 WL 1393504 at *5 (E.D. La. Apr. 8, 2016).
[31] *Id.*
[32] Rec. Doc. No. 34.
[33] Rec. Doc. No. 45 at 7.
[34] *See* Rec. Doc. Nos. 40 & 47.

Document Number: 47429

Page 7 of 8

existing pleadings. Accordingly, the motion for summary judgment on Banks' loss of future earning capacity is denied without prejudice to filing pretrial motions *in limine* if appropriate.[35]

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' *Motion for Partial Summary Judgment on the Issue of Liability*[36] is DENIED. Defendants' *Motion for Partial Summary Judgment on Plaintiffs' Claims for Future Medical Expenses, Wage Loss, and Loss of Earning Capacity*[37] is GRANTED in part and DENIED in part. Banks' claim for past lost wages is dismissed with prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 15th day of August, 2018.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[35] *See* Rec. Doc. No. 16.
[36] Rec. Doc. No. 32.
[37] Rec. Doc. No. 34.
Document Number: 47429